1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

9

10

MARK MEZA,                                    CASE NO. C08-1004MJP

          Plaintiff,                          ORDER ON MOTIONS FOR
11                                            SUMMARY JUDGMENT AND
                                              MOTION TO AMEND
     v.
12

13   SOLANO COUNTY CUSTODY
     DIVISION/MEDICAL, et al.,

14             Defendant.

15

16      The above-entitled Court, having received and reviewed

17   1.  Plaintiff's Motion to Amend (Dkt. No. 31), Defendant Kadevari's Response (Dkt. No.

18       35), Defendants' Stanton and Norris' Opposition to Motion to Amend (Dkt. No. 36),

19       Plaintiff's Reply (Dkt. No. 41)

20   2.  Defendant Dr. Kadevari's Motion for Summary Judgment (Dkt. No. 37), Plaintiff's

21       Response (Dkt. No. 46), Reply to Plaintiff's Response (Dkt. No. 49)

22   3.  Defendants' Stanton and Norris' Motion for Summary Judgment (Dkt. No. 40),

23       Plaintiff's Response and Objection (Dkt. No. 43), Reply to Plaintiff's Response (Dkt.

24       No. 48)

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT AND MOTION TO AMEND- 1

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that Plaintiff's motion to amend is DENIED.

IT IS FURTHER ORDERED that Defendants' motions for summary judgment are GRANTED and this matter is DISMISSED with prejudice.

**Background**

Plaintiff, who is an amputee, was arrested on March 31, 2007 – in the course of the arrest he was tasered, wrapped and had his shoulder dislocated.  He was taken to an emergency room where he was treated and released to the police.  Upon being booked into jail, his leg prosthesis was removed and retained and Plaintiff was given a wheelchair.

Plaintiff was in custody at the Solano County Jail approximately 18 months.  The Court will not reproduce in its entirety the lengthy chronology of appointments, examinations, treatments and surgery which charts the jail's response to the medical conditions (right shoulder, prosthesis and right knee) which form the focus of Plaintiff's complaint.  These chronologies can be found as attachments to both of Defendants' summary judgment motions.  Dkt. Nos. 37-2 and 40-2.[1]  Reviewing the chronology, the Court counts a total of 33 separate events – contacts with medical facilities to make appointments or to follow up on previous visits, appointments for examinations or testing, and actual medical procedures (surgery, fitting for prosthesis) – over the course of the year and a half Plaintiff was incarcerated in Solano County.

During his time in Solano County jail, Plaintiff filed 11 grievances related to his medical treatment.  All were denied, but in only one instance did he follow through with an appeal of the

---

[1]   The Court considers these chronologies to be undisputed in any material way.  Plaintiff disputes some explanations for missed appointments, contending that one or two appointments were missed because of negligence on the part of the jail staff.  Even assuming *arguendo* that he is correct, the missed appointments do not rise to the level of "deliberate indifference" and the cause of the unkept appointments is thus not material.  The Court finds it far more significant that the appointments for Plaintiff's medical care were made in the first place.

1  denial to the next administrative level.  Another undisputed fact is that Defendant Tom Norris,

2  whom Plaintiff names as the "Chief Medical Officer" of the Solano County Jail, is in fact a nurse

3  with no authority to authorize or order treatment.  Decl. of Norris, Dkt. No. 40-8.

4  **Summary Judgment Standard**

5          Summary judgment is appropriate when it is demonstrated that there is no genuine

6  dispute of material fact and that the moving party is entitled to judgment as a matter of law.

7  FRCP 56(a).  The movant always bears the initial responsibility of informing the Court of the

8  basis for the motion and identifying those portions of the pleadings, depositions, discovery

9  responses and affidavits which it believes demonstrate the absence of a genuine dispute of

10  material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The party moving for

11  summary judgment may also carry its initial burden by showing that the opposing party lacks

12  sufficient evidence to carry its ultimate burden at trial.  Id. at 323-325.  A complete failure of

13  proof concerning an essential element of the non-moving party's case renders all other facts

14  immaterial.  Id. at 323.

15          If the moving party meets its initial responsibility, the burden shifts to the opposing party

16  to establish that a genuine dispute of fact actually does exist.  Matsushita Elec. Ind. Co. v. Zenith

17  Radio Corp., 475 U.S. 574, 585-587 (1986).  If the non-movant fails to properly address an

18  assertion of fact, the Court may consider the fact undisputed for purposes of the motion.  FRCP

19  56(e).

20          Reasonable inferences that may be drawn from facts must be drawn in favor of the

21  opposing party, but inferences cannot be drawn out of the air, and it is the opposing party's

22  obligation to produce a factual basis from which reasonable inferences may be drawn.  Richards

23  v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244-1245 (E.D. Ca. 1985).  To demonstrate a

24

1  genuine issue, an opposing party "must do more than just show that there is some metaphysical

2  doubt about the material facts.  Where the record taken as a whole could not lead a rational trier

3  of fact to find for the opposing party, there is no genuine issue left for trial."  Matsushita, *supra*,

4  475 U.S. at 586-587.  If the facts or context makes the opposing party's claim about the existence

5  of a material fact implausible, that party must come forward with more persuasive evidence to

6  support his claim than would otherwise be necessary.  Blueridge Ins. Co. v. Stanewich, 142 F.3d

7  1145, 1147 (9th Cir. 1998).

8  **Discussion/Analysis**

9          Plaintiff's complaint is extremely vague on the nature of the "constitutional violations"

10  committed against him, but Defendants correctly identify the Eighth Amendment/"cruel and

11  unusual punishment" as the applicable legal principle, and Plaintiff's case will be analyzed along

12  the guidelines set out for complaints involving inadequate medical care for prisoners.

13          The applicable standard to which Plaintiff's evidence must conform is evidence of "acts

14  or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

15  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To invoke the protection of the Eighth Amendment,

16  Plaintiff must not only show that there were serious medical needs which went untreated, but that

17  Defendants possessed "a sufficiently culpable state of mind," described as "unnecessary and

18  wanton infliction of pain." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (quoting Gregg v.

19  Georgia, 428 U.S. 153, 173 (1976)).

20                  [A] prison official cannot be found liable under the Eighth Amendment for
                denying an inmate humane conditions of confinement unless the official knows of

21              and disregards an excessive risk to inmate health or safety; the official must both
                be aware of facts from which the inference could be drawn that a substantial risk

22              of serious harm exists, and he must also draw the inference.

23  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

24

1    Plaintiff's evidence is devoid of any proof which would satisfy this standard.  He did not

2    depose any of the Defendants nor seek discovery of their internal communciations, so there is no

3    evidence to establish what they knew or did not know of Plaintiff's condition.[2]  As far as the

4    seriousness of his condition, Plaintiff presents no testimony from any of his treating physicians

5    (other than his hearsay recounting of a conversation with Dr. Tkach where the doctor allegedly

6    asked him why he didn't come in earlier for treatment) from which the Court could draw the

7    inference of a condition so serious that the jail medical staff knew or should have known it

8    needed to be treated more expeditiously.  This absence of proof also means that no conclusion

9    can be drawn that Plaintiff's current medical condition (of which he also presents no evidence) is

10   the result of any delay in treatment, and furthermore that he is unable to satisfy the Ninth Circuit

11   standard for inadequate medical care which requires that, in order

12          … to prevail on a claim involving choices between alternative courses of
            treatment, a prisoner must show that the chosen course of treatment "was
13          medically unacceptable under the circumstances," and was chosen "in conscious
            disregard of an excessive risk to [the prisoner's] health."
14
15   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004)(citations omitted).

16          On the contrary, the evidence submitted by Defendants (largely uncontested by Plaintiff)

17   establishes that there was an ongoing, concerted effort to obtain medical care for Plaintiff.  There

18   were unquestionably delays, some of them caused by nothing more sinister than the sluggishness

19   of the prison bureaucracy, some of them by Plaintiff being double-booked for court appearances.

20   But the lengthy chronology of scheduling, appointments and treatments establishes (in the

21   absence of any evidence from Plaintiff to the contrary) that there was no "deliberate

22   _____

23        [2]  It is conceivable that the 11 grievances Plaintiff filed may have contained information tending to
     establish the seriousness of his condition, but Plaintiff did not submit them.  The only grievance which was
24   submitted (Grievance No. 7003841) concerned a failure to make the 12/5/07 UC Davis appointment, which Defs
     have affirmatively established as the fault of the UC Davis medical staff.

1   indifference" to Plaintiff's condition on the part of the jail staff; on the contrary, it appears that

2   the jail staff went to considerable lengths to procure diagnosis and treatment for the medical

3   conditions of which Plaintiff complains.

4           Just prior to the filing of Defendants' summary judgment motions, Plaintiff filed a motion

5   to amend (Dkt. No. 31), seeking permission to add Solano County and the City of Fairfield as

6   defendants.  Defendant Kadevari indicated no objection; Defendants Stanton and Norris

7   objected.

8           The motion will be denied.  It is untimely – discovery closed in August 2010 and would

9   have to be reopened with the addition of new parties.  Plaintiff indicates in his reply that "these

10  new defendants were unknown to Plaintiff at the time the original and the amended complaints

11  were filed," but this is not credible and Plaintiff offers no explanation of how he could have been

12  unaware of them when he named "Solano County Custody Division/Medical" as a defendant

13  originally, and the Solano County Jail is located in the City of Fairfield.

14          Amendment is futile as well as untimely.   First, Plaintiff provides no evidence that the

15  City of Fairfield has any authority or control over the administration of medical care at the

16  Solano County Jail, and it is counterintuitive to assume that it would be so.  Furthermore, the

17  proof problems that resulted in the Court's decision to grant summary judgment to the existing

18  defendants would still be an obstacle to recovery for Plaintiff.  His request to amend contains no

19  allegations of proof that these two governmental entities are more culpable than the county

20  medical and law enforcement personnel he sued originally.

21  **Conclusion**

22          Based on the material facts before the Court and in the absence of any proof that the

23  moving parties acted with "deliberate indifference" towards Plaintiff's medical conditions,

24

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT AND MOTION TO AMEND- 6

1   Defendants are entitled to summary judgment of dismissal as a matter of law.  Because it would

2   be both untimely and futile, Plaintiff's request to amend his complaint to add further

3   governmental entities is denied.

4           The above-entitled matter is DISMISSED with prejudice.  The Clerk of the Court is

5   ordered to enter judgment against Plaintiff and close the case.

6

7           The Clerk is ordered to provide copies of this order to Plaintiff and all counsel.

8           Dated January 7, 2011.

9

10

11          _____
            Marsha J. Pechman
12          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT AND MOTION TO AMEND- 7